Sterling A. Brennan (Utah State Bar No. 10060; Email: sbrennan@wnlaw.com)
Chad E. Nydegger (Utah State Bar No. 9964; Email: cnydegger@wnlaw.com)
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
60 East South Temple
Suite 1000
Salt Lake City, Utah  84111
Telephone:  (801) 533-9800
Facsimile:  (801) 321-1707

Attorneys for Plaintiff 3FORM, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| 3FORM, INC., a Utah corporation,<br><br>       Plaintiff,<br><br>  v.<br><br>NEW GLASPRO, INC., a Delaware corporation,<br><br>       Defendant. | Civil Action No. 2:12-cv-00521-EJF<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(Jury Trial Demanded)**<br><br>**Magistrate Judge Evelyn J. Furse** |

Plaintiff 3form, Inc. ("3form" or "Plaintiff") hereby complains against defendant New GlasPro, Inc. ("Defendant" or "GlasPro") and for claims of relief alleges as follows:

## PARTIES

1.      3form is a Utah corporation with its principal executive offices located at 2300 South 2300 West, Salt Lake City, Utah 84119.

2.      Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal executive offices located at 9401 Ann Street, Santa Fe Springs, California 90670.

3.      Upon information and belief, Defendant may be served through its designated agent for service of process, S. Joseph Green, at 9401 Ann Street, Santa Fe Springs, California 90670.

## JURISDICTION AND VENUE

4.      This is a civil action for patent infringement brought by 3form for acts committed by Defendant arising under the patent laws of the United States, and more specifically under 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.  Jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331 and 1338(a).

5.      In addition to the foregoing, this also is a civil action with complete diversity of citizenship between 3form and Defendant, with the amount in controversy exceeding $75,000. Thus, jurisdiction of this Court also is founded upon 28 U.S.C. § 1332.

6.      Upon information and belief, Defendant has transacted business, contracted to supply goods or services, and caused injury within the State of Utah, and has otherwise purposely availed itself of the privileges and benefits of the laws of the State of Utah, and is therefore subject to the jurisdiction of this Court pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure and Utah Code Ann. § 78-27-24.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

8.      3form is a leading innovator and manufacturer of decorative architectural panels, and has spent considerable time and resources to protect its intellectual property rights for its innovative products and designs.

9.      3form learned that Defendant intended to expand its product offerings to include decorative architectural panels, possibly with the assistance of a former 3form employee, and sent a letter to Defendant on March 15, 2011 addressing that issue (the "March 2011 letter").  (A true and correct copy of the March 2011 letter is attached hereto as Exhibit "A" and incorporated herein by this reference.)

10.     In the March 2011 letter, 3form informed Defendant of various patents, trademarks, and copyrights that 3form has obtained to protect intellectual property rights for its decorative architectural panels.   3form also included with the March 2011 letter various exhibits that specifically identified 3form's pertinent patents, trademarks, and copyrights.

11.     Despite being thus informed of 3form's intellectual property rights for its decorative architectural panels, Defendant is now a direct competitor to 3form and has proceeded to willfully infringe 3form's intellectual property rights as more fully set forth below.

## FIRST CLAIM FOR RELIEF
(Infringement of U.S. Patent No. D608,023)

12.     3form hereby incorporates the allegations of the preceding paragraphs 1 through 11 of this Complaint into this First Claim for Relief as though fully set forth hereat.

13.     U.S. Patent No. D608,023 ("the '023 Patent") issued from the United States Patent and Trademark Office ("USPTO") on January 12, 2010, bearing the title "Architectural

Panel with Large Blade Grass and Thatch Reed."  (A true and correct copy of the '023 Patent is attached hereto as Exhibit "B" and incorporated herein by this reference.)

14.     3form is the owner of all right, title, and interest in and to the '023 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '023 Patent, and to enjoin acts of infringement of the '023 Patent.

15.     3form has not licensed or otherwise authorized Defendant to practice the '023 Patent.

16.     Defendant, directly or through its subsidiaries, divisions, or groups, has infringed and continues to infringe the claim of the '023 Patent by making, using, selling, and/or offering to sell, or inducing others to make, use, sell, and/or offer for sale, in the United States and this judicial district, products that are covered by one or more claims of the '023 Patent, including but not limited to, the product designated or denominated by Defendant as "Sea Grass."  Therefore, Defendant is liable for infringement of the '023 Patent pursuant to 35 U.S.C. § 271.

17.     Defendant's acts of infringement have caused damage to 3form, and 3form is entitled to recover from Defendant the damages sustained by 3form as a result of Defendant's wrongful acts, in an amount subject to proof at trial.

18.     As a consequence of the infringement complained of herein, 3form has been irreparably damaged to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement of the '023 Patent.

19.     One or more of Defendant's acts of infringement were made and/or are made with knowledge of the '023 Patent.  Such acts constitute willful infringement and thereby make this

4

case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle 3form to enhanced damages and reasonable attorneys' fees.

<b><u>SECOND CLAIM FOR RELIEF</u></b><br>(Infringement of U.S. Patent No. D608,022)

20.     3form hereby incorporates the allegations of the preceding paragraphs 1 through 11 of this Complaint into this Second Claim for Relief as though fully set forth hereat.

21.     U.S. Patent No. D,608,022 ("the '022 Patent") issued from the USPTO on January 12, 2010, bearing the title "Architectural Panel with Large Blade Grass and Flower."  (A true and correct copy of the '022 Patent is attached hereto as Exhibit "C" and incorporated herein by this reference.)

22.     3form is the owner of all right, title, and interest in and to the '022 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '022 Patent, and to enjoin acts of infringement of the '022 Patent.

23.     3form has not licensed or otherwise authorized Defendant to practice the '022 Patent.

24.     Defendant, directly or through its subsidiaries, divisions, or groups, has infringed and continues to infringe the claim of the '022 Patent by making, using, selling, and/or offering to sell, or inducing others to make, use, sell, and/or offer for sale, in the United States and this judicial district, products that are covered by the claim of the '022 Patent, including but not limited to, those products designated or denominated by Defendant as "Asian Harvest" and "Asian Harvest Spring."  Therefore, Defendant is liable for infringement of the '022 Patent pursuant to 35 U.S.C. § 271.

25.     Defendant's acts of infringement have caused damage to 3form, and 3form is entitled to recover from Defendant the damages sustained by 3form as a result of Defendant's wrongful acts, in an amount subject to proof at trial.

26.     As a consequence of the infringement complained of herein, 3form has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement of the '022 Patent.

27.     One or more of Defendant's acts of infringement were made and/or are made with knowledge of the '022 Patent.  Such acts constitute willful infringement and thereby make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle 3form to enhanced damages and reasonable attorneys' fees.

## THIRD CLAIM FOR RELIEF
(Infringement of U.S. Patent No. D608,474)

28.     3form hereby incorporates the allegations of the preceding paragraphs 1 through 11 of this Complaint into this Third Claim for Relief as though fully set forth hereat.

29.     U.S. Patent No. D608,474 ("the '474 Patent") issued from the USPTO on January 19, 2010, bearing the title "Architectural Panel with Buri Palm and Reed."  (A true and correct copy of the '474 Patent is attached hereto as Exhibit "D" and incorporated herein by this reference.).

30.     3form is the owner of all right, title, and interest in and to the '474 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '474 Patent, and to enjoin acts of infringement of the '474 Patent.

31.     3form has not licensed or otherwise authorized Defendant to practice the '474 Patent.

32.     Defendant, directly or through its subsidiaries, divisions, or groups, has infringed and continues to infringe the claim of the '474 Patent by making, using, selling, and/or offering to sell, or inducing others to make, use, sell, and/or offer for sale, in the United States and this judicial district, products that are covered by the claim of the '474 Patent, including but not limited to, that designated or denominated by Defendant as "Baileys Buri Palm."  Therefore, Defendant is liable for infringement of the '474 Patent pursuant to 35 U.S.C. § 271.

33.     Defendant's acts of infringement have caused damage to 3form, and 3form is entitled to recover from Defendant the damages sustained by 3form as a result of Defendant's wrongful acts, in an amount subject to proof at trial.

34.     As a consequence of the infringement complained of herein, 3form has been irreparably damaged to an extent not yet determined and/or will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement of the '474 Patent.

35.     One or more of Defendant's acts of infringement were made and/or are made with knowledge of the '474 Patent.  Such acts constitute willful infringement and thereby make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle 3form to enhanced damages and reasonable attorneys' fees.

## FOURTH CLAIM FOR RELIEF
(Infringement of U.S. Patent No. D608,026)

36.     3form hereby incorporates the allegations of the preceding paragraphs 1 through 11 of this Complaint into this Fourth Claim for Relief as though fully set forth hereat.

37.     U.S. Patent No. D608,026 ("the '026 Patent") issued from the USPTO on January 12, 2010, bearing the title "Architectural Panel with Plant Stem and Leaf."  (A true and correct copy of the '026 Patent is attached hereto as Exhibit "E" and incorporated herein by this reference.)

38.     3form is the owner of all right, title, and interest in and to the '026 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '026 Patent, and to enjoin acts of infringement of the '026 Patent.

39.     3form has not licensed or otherwise authorized Defendant to practice the '026 Patent.

40.     Defendant, directly or through its subsidiaries, divisions, or groups, has infringed and continues to infringe the claim of the '026 Patent by making, using, selling, and/or offering to sell, or inducing others to make, use, sell, and/or offer for sale, in the United States and this judicial district, products that are covered by the claim of the '026 Patent, including but not limited to, those products designated or denominated by Defendant as "Ting Ting Flowers Red" and "Ting Ting Flowers."  Therefore, Defendant is liable for infringement of the '026 Patent pursuant to 35 U.S.C. § 271.

41.     Defendant's acts of infringement have caused damage to 3form, and 3form is entitled to recover from Defendant the damages sustained by 3form as a result of Defendant's wrongful acts, in an amount subject to proof at trial.

42.     As a consequence of the infringement complained of herein, 3form has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement of the '026 Patent.

43.    One or more of Defendant's acts of infringement were made and/or are made with knowledge of the '026 Patent.  Such acts constitute willful infringement and thereby make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle 3form to enhanced damages and reasonable attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
(Infringement of U.S. Patent No. D621,068)

44.    3form hereby incorporates the allegations of the preceding paragraphs 1 through 11 of this Complaint into this Fifth Claim for Relief as though fully set forth hereat.

45.    U.S. Patent No. D621,068 ("the '068 Patent") issued from the USPTO on August 3, 2010, bearing the title "Architectural Panel with Thatch Reed Design."  (A true and correct copy of the '068 Patent is attached hereto as Exhibit "F" and incorporated herein by this reference.)

46.    3form is the owner of all right, title, and interest in and to the '068 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '068 Patent, and to enjoin acts of infringement of the '068 Patent.

47.    3form has not licensed or otherwise authorized Defendant to practice the '068 Patent.

48.    Defendant, directly or through its subsidiaries, divisions, or groups, has infringed and continues to infringe the claim of the '068 Patent by making, using, selling, and/or offering to sell, or inducing others to make, use, sell, and/or offer for sale, in the United States and this judicial district, products that are covered by the claim of the '068 Patent, including but not limited to, those products designated or denominated by Defendant as "Polychrome Bamboo." Therefore, Defendant is liable for infringement of the '068 Patent pursuant to 35 U.S.C. § 271.

9

49.     Defendant's acts of infringement have caused damage to 3form, and 3form is entitled to recover from Defendant the damages sustained by 3form as a result of Defendant's wrongful acts, in an amount subject to proof at trial.

50.     As a consequence of the infringement complained of herein, 3form has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement of the '068 Patent.

51.     One or more of Defendant's acts of infringement were made and/or are made with knowledge of the '068 Patent.  Such acts constitute willful infringement and thereby make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle 3form to enhanced damages and reasonable attorneys' fees.

### SIXTH CLAIM FOR RELIEF
(Infringement of U.S. Patent No. D644,340)

52.     3form hereby incorporates the allegations of the preceding paragraphs 1 through 11 of this Complaint into this Sixth Claim for Relief as though fully set forth hereat.

53.     U.S. Patent No. D644,340 ("the '340 Patent") issued from the USPTO on August 30, 2011 bearing the title "Architectural Panel with Line and Bunch Interlayer Design." (A true and correct copy of the '340 Patent is attached hereto as Exhibit "G" and incorporated herein by this reference.)

54.     3form is the owner of all right, title, and interest in and to the '340 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '340 Patent, and to enjoin acts of infringement of the '340 Patent.

55.     3form has not licensed or otherwise authorized Defendant to practice the '340 Patent.

56.     Defendant, directly or through its subsidiaries, divisions, or groups, has infringed and continues to infringe the claim of the '340 Patent by making, using, selling, and/or offering to sell, or inducing others to make, use, sell, and/or offer for sale, in the United States and this judicial district, products that are covered by the claim of the '340 Patent, including but not limited to, those products designated or denominated by Defendant as "Linear Array Tea," "Linear Array Bloom," "Linear Array Gold," and "Linear Array Charcoal."  Therefore, Defendant is liable for infringement of the '340 Patent pursuant to 35 U.S.C. § 271.

57.     Defendant's acts of infringement have caused damage to 3form, and 3form is entitled to recover from Defendant the damages sustained by 3form as a result of Defendant's wrongful acts, in an amount subject to proof at trial.

58.     As a consequence of the infringement complained of herein, 3form has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement of the '340 Patent.

59.     One or more of Defendant's acts of infringement were made and/or are made with knowledge of the '340 Patent.  Such acts constitute willful infringement and thereby make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle 3form to enhanced damages and reasonable attorneys' fees.

**SEVENTH CLAIM FOR RELIEF**
(Infringement of U.S. Patent No. D632,811)

11

60.     3form hereby incorporates the allegations of the preceding paragraphs 1 through 11 of this Complaint into this Seventh Claim for Relief as though fully set forth hereat.

61.     U.S. Patent No. D632,811 ("the '811 Patent") issued from the USPTO on February 15, 2011, bearing the title "Architectural Panel with Woven Textile Interlayer."  (A true and correct copy of the '811 Patent is attached hereto as Exhibit "H" and incorporated herein by this reference.)

62.     3form is the owner of all right, title, and interest in and to the '811 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '811 Patent, and to enjoin acts of infringement of the '811 Patent.

63.     3form has not licensed or otherwise authorized Defendant to practice the '811 Patent.

64.     Defendant, directly or through its subsidiaries, divisions, or groups, has infringed and continues to infringe the claim of the '811 Patent by making, using, selling, and/or offering to sell, or inducing others to make, use, sell, and/or offer for sale, in the United States and this judicial district, products that are covered by the claim of the '811 Patent, including but not limited to, those products designated or denominated by Defendant as "Techweave Silver Smoke" and "Pearl Linen."  Therefore, Defendant is liable for infringement of the '811 Patent pursuant to 35 U.S.C. § 271.

65.     Defendant's acts of infringement have caused damage to 3form, and 3form is entitled to recover from Defendant the damages sustained by 3form as a result of Defendant's wrongful acts, in an amount subject to proof at trial.

66.     As a consequence of the infringement complained of herein, 3form has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged

by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement of the '811 Patent.

67.    One or more of Defendant's acts of infringement were made and/or are made with knowledge of the '811 Patent.  Such acts constitute willful infringement and thereby make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle 3form to enhanced damages and reasonable attorneys' fees.

**EIGHTH CLAIM FOR RELIEF**
(Infringement of U.S. Patent No. D609,826)

68.    3form hereby incorporates the allegations of the preceding paragraphs 1 through 11 of this Complaint into this Eighth Claim for Relief as though fully set forth hereat.

69.    U.S. Patent No. D609,826 ("the '826 Patent") issued from the USPTO on February 9, 2010, bearing the title "Architectural Panel with Translucent Wood Design."  (A true and correct copy of the '826 Patent is attached hereto as Exhibit "I" and incorporated herein by this reference.)

70.    3form is the owner of all right, title, and interest in and to the '826 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '826 Patent, and to enjoin acts of infringement of the '826 Patent.

71.    3form has not licensed or otherwise authorized Defendant to practice the '826 Patent.

72.    Defendant, directly or through its subsidiaries, divisions, or groups, has infringed and continues to infringe the claim of the '826 Patent by making, using, selling, and/or offering to sell, or inducing others to make, use, sell, and/or offer for sale, in the United States and this judicial district, products that are covered by the claim of the '826 Patent, including but not

13

limited to, those products designated or denominated by Defendant as "Echo Woods in Glass." Therefore, Defendant is liable for infringement of the '826 Patent pursuant to 35 U.S.C. § 271.

73.     Defendant's acts of infringement have caused damage to 3form, and 3form is entitled to recover from Defendant the damages sustained by 3form as a result of Defendant's wrongful acts, in an amount subject to proof at trial.

74.     As a consequence of the infringement complained of herein, 3form has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement of the '826 Patent.

75.     One or more of Defendant's acts of infringement were made and/or are made with knowledge of the '826 Patent.  Such acts constitute willful infringement and thereby make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle 3form to enhanced damages and reasonable attorneys' fees.

**NINTH CLAIM FOR RELIEF**
(Infringement of U.S. Patent No. 7,504,159)

76.     3form hereby incorporates the allegations of the preceding paragraphs 1 through 11 of this Complaint into this Eighth Claim for Relief as though fully set forth hereat.

77.     U.S. Patent No. 7,504,159 ("the '159 Patent") issued from the USPTO on March 17, 2009, bearing the title "Resin-based Panels having Thin or Brittle Veneer Layers and Methods of Making Same."  (A true and correct copy of the '159 Patent is attached hereto as Exhibit "J" and incorporated herein by this reference.)

14

78.     3form is the owner of all right, title, and interest in and to the '159 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '159 Patent, and to enjoin acts of infringement of the '159 Patent.

79.     3form has not licensed or otherwise authorized Defendant to practice the '159 Patent.

80.     On information and belief, Defendant, directly or through its subsidiaries, divisions, or groups, has infringed and continues to infringe one or more claims of the '159 Patent by making, using, selling, and/or offering to sell, or inducing others to make, use, sell, and/or offer for sale, in the United States and this judicial district, products that are covered by at least claim 1 of the '159 Patent, including but not limited to, those products designated or denominated by Defendant as "Echo Woods" in resin.  Therefore, Defendant is liable for infringement of the '159 Patent pursuant to 35 U.S.C. § 271.

81.     Defendant's acts of infringement have caused damage to 3form, and 3form is entitled to recover from Defendant the damages sustained by 3form as a result of Defendant's wrongful acts, in an amount subject to proof at trial.

82.     As a consequence of the infringement complained of herein, 3form has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement of the '159 Patent.

83.     One or more of Defendant's acts of infringement were made and/or are made with knowledge of the '159 Patent.  Such acts constitute willful infringement and thereby make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle 3form to enhanced damages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, 3form prays for entry of a final order and judgment that:

1.      Defendant has infringed the '023 Patent;

2.      Defendant has infringed the '022 Patent;

3.      Defendant has infringed the '474 Patent;

4.      Defendant has infringed the '026 Patent;

5.      Defendant has infringed the '068 Patent;

6.      Defendant has infringed the '340 Patent;

7.      Defendant has infringed the '811 Patent;

8.      Defendant has infringed the '826 Patent;

9.      Defendant has infringed the '159 Patent;

10.     Defendant account for and pay to 3form all damages caused by Defendant's infringement of the '023 Patent, the '022 Patent, the '474 Patent, the '026 Patent, the '068 Patent, the  '340 Patent, the  '811 Patent, the '826 Patent, and the '159 Patent (collectively the "Patents-In-Suit"), and that such damages be enhanced by three times in light of Defendant's willful infringement, all in accordance with 35 U.S.C. § 284;

11.     3form be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendant, its officers, agents, servants, employees, and all those persons in active concert or participation with them, from any further acts of infringement of any of the Patents-In-Suit;

12.     3form be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's infringement of the Patents-In-Suit;

16

13.     3form be awarded Defendant's total profits, or the greatest amount allowable under law, related to the sale of Defendant's products found to infringe any of the Patents-In-Suit, pursuant to 35 U.S.C. § 289;

14.     The Court declare this an exceptional case and that 3form be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

15.     Costs be awarded to 3form; and

16.     3form be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, 3form demands trial by jury on all claims and issues so triable.

DATED: June 4, 2012              Sterling A. Brennan
                                 Chad E. Nydegger
                                 WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION


                                 By:   /s/ Chad E. Nydegger
                                       Chad E. Nydegger
                                 Attorneys for Plaintiff 3FORM, INC.