# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| 3FORM, INC., a Utah corporation, | Civil Action No. 2:12-cv-00521-CW |
| Plaintiff, | **SCHEDULING ORDER AND ORDER VACATING HEARING** |
| v. | |
| NEW GLASPRO, INC., a Delaware corporation, | **Hon. Clark Waddoups, District Judge** |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

     Pursuant to Fed.R. Civ P. 16(b), the Magistrate Judge[1] received the Attorneys' Planning Report filed by counsel (docket #18).  The following matters are scheduled.  The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause.

     IT IS ORDERED that the Initial Pretrial Hearing set for set before Magistrate Judge Evelyn J. Furse on October 10, 2012 at 11:30 AM is VACATED.

     **Plaintiff's counsel are directed to file an amended scheduling order within 15 days of the ruling on claim construction.  Trial dates will be given at that time.**

     **\*\*ALL TIMES 5:00 PM UNLESS INDICATED\*\***

| | | | DATE |
|---|---|---|---|
| **1.** | **PRELIMINARY MATTERS** | | |
| | Nature of claims and any affirmative defenses: | | |
| | a. | Was Rule 26(f)(1) Conference held? | *09/07/12* |
| | b. | Has Attorney Planning Meeting Form been submitted? | *09/10/12* |
| | c. | Was 26(a)(1) initial disclosure completed? | *10/26/12* |

| 2. | DISCOVERY LIMITATIONS | NUMBER |
|---|---|---|
| a. | Maximum Number of Depositions by Plaintiff(s) | <u>17 </u>(excluding depositions of experts) |
| b. | Maximum Number of Depositions by Defendant(s) | <u>10 </u>(excluding depositions of experts and named inventors on asserted patents) |
| c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties) | <u>7</u> |
| d. | Maximum Interrogatories by any Party to any Party | <u>25</u> |
| e. | Maximum requests for admissions by any Party to any Party | <u>50; no limit on requests for admission to authenticate documents</u> |
| f. | Maximum requests for production by any Party to any Party | <u>No limit</u> |

g.   Discovery of electronically stored information should be handled as follows:

The parties are required to maintain and search electronically stored information ("ESI") excluding voicemail, cell phones, text messages and instant messaging.  At an appropriate time, the parties agree to identify up to 10 terms that will be used by the other party to search for general ESI.

ESI should be produced in a loadable, single page .tiff format with accompanying Summation (.dii), Concordance, or equivalent load files as directed by the requesting party, and an accompanying searchable text (.txt) file, so long as production of such documents or information in .tiff format will not alter the appearance (other than color) or ability to review the substantive information of the documents.  A requesting party shall designate only one format for production of ESI.

Files that are not conducive to .tiff production should be produced in native format.  Examples of these files types are Excel and other spreadsheets and CAD drawings.  When producing files in native format, the native files are to be named

with the production number assigned to the document and the confidentiality designation.  For each natively produced file, a TIFF placeholder should be included.  The place holder is to state, "This document has been produced in native format" and it should be endorsed with the confidentiality legend and bates number. A text file must be provided for each native file.  If extracted text is not available, the text file should include a machine generated OCR.  Both the image and text file must be named with the production number and reside in the same directory.

Searches for email shall be conducted separately.  Email production requests shall identify the custodian, search terms, and time frame.  Email production requests by Defendant shall be limited to five (5) custodians, excluding named inventors on the asserted patents, and email production requests by Plaintiff shall be limited to twelve (12) custodians.  All email production requests shall be limited to five (5) search terms per custodian.  Searches for email shall be conducted on all named inventors on the asserted patents using five (5) search terms per named inventor.  The parties may jointly agree to modify the limits on the numbers of search terms used without the Court's leave.

The search terms for both general and email production shall be narrowly tailored to particular issues.  Indiscriminate terms, such as the producing company's name or product/service name, are inappropriate unless combined with narrowing search criteria that sufficiently curtails the risk of overproduction.  A conjunctive combination of words (e.g., "computer" and "system") that narrows the search shall count as a single search term.  Each word or phrase in a disjunctive combination (e.g., "computer" or "system") shall each count as a separate search term, unless they are variants of the same word.

h.  Claim of privilege or protection as trial preparation material asserted after production shall be handled as follows:  The parties will submit a joint motion for entry of a protective order which will include a mechanism for addressing claims of privilege or protection.  Until such time as a protective order is entered, pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.  The receiving party shall not use ESI that the producing party

asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

3.  **AMENDMENT OF PLEADINGS/ADDING PARTIES**[2]         **DATE**

    a.  Last Day to File Motion to Amend Pleadings         *06/14/13*

    b.  Last Day to File  Motion to Add Parties         *06/14/13*

4.  **RULE 26(a)(2) REPORTS FROM EXPERTS**         **DATE**

    a.  Plaintiff         *00/00/00*

    b.  Defendant         *00/00/00*

    c.  Counter reports         *00/00/00*

5.  **OTHER DEADLINES**         **DATE**

    a.  Discovery and claim construction:

| | |
|---|---|
| Plaintiff serves Preliminary Infringement Contentions | November 8, 2012 |
| Defendant serves Preliminary Invalidity Contentions | February 1, 2013 |
| Exchange proposed terms and claim elements for construction | March 1, 2013 |
| Exchange preliminary claim constructions and supporting extrinsic evidence | March 29, 2013 |
| Deadline to meet and confer regarding preliminary claim constructions | April 5, 2013 |
| Deadline to disclose any claim construction expert | April 12, 2013 |
| File joint claim construction and prehearing statement | April 26, 2013 |
| Completion of claim construction discovery, including claim construction expert discovery | May 24, 2013 |
| Opening claim construction briefs due | June 21, 2013 |
| Responsive claim construction briefs due | July 17, 2013 |
| Claim Construction Hearing | July 26, 2013 or as soon thereafter as |

|  |  |
|---|---|
|  | the Court can accommodate |
| Statement disclosing whether a party will rely on advice of counsel as a defense to a charge of willful infringement | 30 days after claim construction ruling |
| Amendment of infringement contentions[1] | 30 days after claim construction ruling |
| Amendment of invalidity contentions[1] | 30 days after claim construction ruling |
| Close of fact discovery | 75 days after claim construction ruling |
| Expert reports for party with the burden of proof due | 30 days after close of fact discovery |
| Rebuttal expert reports due | 30 days after initial burden of proof expert reports |
| Close of expert discovery | 21 days after rebuttal expert reports |
| Deadline for Daubert motions | 30 days prior to pretrial conference |
| Pretrial disclosures under Rule 26(a)(3) | 15 days prior to pretrial conference |
| a. *(optional)* Final date for supplementation of disclosures and discovery under Rule 26 (e) | 30 days before the pretrial conference |
| b. Deadline for filing dispositive or potentially dispositive motions | 28 days after close of expert discovery |

---

[1] **Amendment of the Infringement Contentions or the Invalidity Contentions may be made by order of the Court upon a timely showing of good cause or stipulation of the parties. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions. The duty to supplement discovery responses does not excuse the need to obtain leave of court or a stipulation to amend contentions.**

**6.**      **SETTLEMENT/ALTERNATIVE DISPUTE**                    **DATE**

      **RESOLUTION**

  a.   Referral to Court-Annexed Mediation:           No

  b.   Referral to Court-Annexed Arbitration        No

  c.   Evaluate case for Settlement/ADR on        30 days after the
                                                    Court's claim
                                                    construction ruling

  d.   Settlement probability: Fair

**7.**      **TRIAL AND PREPARATION FOR TRIAL**          **TIME**      **DATE**

  a.   Rule 26(a)(3) Pretrial Disclosures[3]

      Plaintiff                                                       *00/00/00*

      Defendant                                              *00/00/00*

  b.   Objections to Rule 26(a)(3) Disclosures          *00/00/00*
      (if different than 14 days provided in Rule)

  c.   Special Attorney Conference[4] on or before     *00/00/00*

  d.   Settlement Conference[5] on or before        *00/00/00*

  e.   Final Pretrial Conference        ___:__ _.m.  *00/00/00*

  f.   Trial                <u>Length</u>

      i. Bench Trial          *N/A*        ___:__ _.m.  *00/00/00*

      ii. Jury Trial         *7-10 days*   ___:__ _.m.  *00/00/00*

**8.**      **OTHER MATTERS**

      Counsel should contact chambers staff of the judge presiding in the case regarding
Daubert and Markman motions to determine the desired process for filing and hearing
of such motions.  All such motions, including Motions in Limine should be filed well
in advance of the Final Pre Trial.  Unless otherwise directed by the court, any challenge
to the qualifications of an expert or the reliability of expert testimony under Daubert
must be raised by written motion before the final pre-trial conference.

   Signed September 13, 2012.

BY THE COURT:

Evelyn J. Furse
U.S. Magistrate Judge

---

[1] The Magistrate Judge completed Initial Pretrial Scheduling under DUCivR 16-1(b) and DUCivR 72-2(a)(5).  The name of the Magistrate Judge who completed this order should NOT appear on the caption of future pleadings, unless the case is separately assigned or referred to that Magistrate Judge.

[2] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

[3] Any demonstrative exhibits or animations must be disclosed and exchanged with the 26(a)(3) disclosures.

[4] The Special Attorneys Conference does not involve the Court.  Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case.  Witnesses will be scheduled to avoid gaps and disruptions.  Exhibits will be marked in a way that does not result in duplication of documents.  Any special equipment or courtroom arrangement requirements will be included in the pre-trial order.

[5] The Settlement Conference does not involve the Court unless a separate order is entered. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.